UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTSTATE MICHIGAN TROWEL TRADES
HEALTH AND WELFARE FUND, et al.,

      Plaintiffs,

v.                                           Case No. 11-13556
                                                Honorable Julian Abele Cook, Jr.

SALINAS CEMENT CO.,

      Defendant.

## ORDER

The Plaintiffs[1] have brought this action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2), 1145, to enforce the contractual obligations of the Defendant, Salinas Cement Company ("Salinas Cement"), to (1) pay fringe benefit contributions and related amounts for the period of October 2008 through November 2010, and (2) comply with an audit that will determine its indebtedness, if any, for a period beginning in December 2010.

Currently before the Court is the Plaintiffs' motion for summary judgment, as authorized by Fed. R. Civ. P. 56.

I.

The Plaintiffs are trust funds that were established under, and administered

---

[1] The Plaintiffs in this action are the Trustees of the following multi-employer fringe benefit funds: (1) Outstate Michigan Trowel Trades Health and Welfare Fund, (2) Outstate Michigan Trowel Trades Pension Fund, and (3) Operative Plasterers and Cement Masons International Association Joint Apprenticeship and Training Fund ("the Funds").

pursuant to, Section 302 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §186 *et seq.*, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*

Salinas Cement entered into several collective bargaining agreements ("Agreements") that had been negotiated between the Cement Masons' International Association and the Michigan Infrastructure and Transportation Association. On the basis of these Agreements, Salinas Cement became obligated to make (1) periodic benefit contributions to the Plaintiffs on behalf of its employees, and (2) its books and records available for auditing purposes in order to determine if these benefit contributions have been paid as required by the Agreements. An audit of Salinas Cement's books on December 30, 2010 (covering October 2008 through November 2010) revealed a deficit of $113,631.98 in unpaid contributions and $11,978.38 in liquidated damages, with an offset in the sum of $789.07 that had been paid to the Plaintiffs by the Company during the period of the audit. Salinas Cement registered an objection to the results of this audit.

An evaluation of the audit resulted in a "follow-up" meeting with representatives of the parties  (i.e., the owners of Salinas Cement, the auditor, a union representative and counsel for the Plaintiffs) shortly thereafter. As a result, several modifications to the audit were made, which resulted in the removal of the names of some employees whom the parties agreed were not covered by the Agreements.

A revised audit revealed an indebtedness of $49,843.95, which consisted of $45,470.76 in unpaid contributions, $4,547.08 in audit assessments from the audit period, and $615.18 in audit assessments from the prior audit period, minus the receipt of two payments (to wit, $615.18 and

2

$789.07, respectively).² The audit did not cover any work done between December 2010 and the present date. According to the Plaintiffs, Salinas Cement's indebtedness during this period cannot be determined until its complete books and records are submitted for audit and inspection, as required by the Agreements.

II.

The purpose of a summary judgment, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court

---

²These results are based on the records provided by Salinas Cement and cover all of the hours worked by the employees who were identified by their employer as having performed cement finishing work during the audit period. Salinas Cement, while not challenging the correctness of the names of the employees who are included in the revised audit, does dispute the amount of the covered work performed by these employees during the audit period.

"must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate only if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III.

In their motion for the entry of a summary judgment, the Plaintiffs seek to obtain an award of (1) damages, including overdue benefit contributions and unpaid interest,

(2) injunctive relief, which would require Salinas Cement to submit its books for an additional audit; and (3) attorney fees and costs. It is their contention that they are entitled to a summary judgment because (1) an audit of the Salinas Cement records has revealed that benefit contributions were owed to them, (2) the Agreements between the parties obligate Salinas Cement to submit to an additional audit for the period which begins in December 2010; and (3) Salinas Cement has not provided any response to its motion.

The failure of an opponent to file a timely response to a dispositive motion is not a sufficient basis upon which to grant a summary judgment. *See, e.g., Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 614 (6th Cir. 1998). "When a non-moving party fails to respond . . ., the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough*, 138 F.3d at 614). Accordingly, this Court will review the Plaintiffs' currently pending motion in an effort to determine if they have demonstrated the absence of any genuine issue of a material fact for each of the relevant issues.

A review of the record indicates that Salinas Cement was covered by Agreements which require it to make benefit contributions to the Plaintiffs. As authorized by these Agreements, the Plaintiffs conducted an initial audit of the Salinas Cement books and records. This audit was subsequently modified when Salinas Cement disclosed additional information regarding the alleged ineligibility of its employees. Salinas Cement acknowledged thereafter that, although the revised audit includes the correct identification of eligible employees, only a portion of their

work was covered by the terms of the Agreements. On the other hand, the auditor concluded that the audit had been correctly conducted.

According to the Agreements and 29 U.S.C. § 1059(a)(1), Salinas Cement is obligated to maintain adequate records with respect to each member of its work force who are participants in an employee benefit plan. *See, e.g.*, 29 U.S.C. § 1059(a)(1) (employers must "maintain records with respect to each of [its] employees sufficient to determine the benefits due or which may become due to such employees."); *Michigan Laborers' Health Care Fund v. Grimaldi*, 30 F.3d 692, 695 (6th Cir. 1994) ("Section 1059 imposes a clear duty on an employer to maintain adequate records."). An employer who fails to keep adequate records bears the burden of proving that the work performed by its employees is not covered by the terms of the Agreement. *See Grimaldi*, 30 F.3d at 696. If an employer is unable to satisfy its burden, the appropriate penalty is to require contributions for all of the hours worked by any employee who was shown to have performed some covered work during the relevant period. *Id.* at 697.

Although Salinas Cement has acknowledged that three of its employees did perform some of the covered work during the audit period, it disputes the auditor's conclusion that all of their work was covered. Pl. Mot. Summ. J., Ex. E ¶¶ 2-4. However, Salinas Cement has failed to produce any evidence which establishes the amount of work that was not covered. Accordingly, the Court finds that Salinas Cement is liable for the full amount of contribution as determined by the revised audit; namely, the sum of $45,470.76. A payment of $789.07, which was received by the Plaintiffs before the audit was billed, reduces the total amount of contributions currently owed by Salinas Cement to $44,681.09.

Having determined that the Plaintiffs have successfully established their right to recover

delinquent contributions, the Court now turns to the issue of damages. In this case, each Plaintiff is a multi-employer fund which has brought this action against Salinas Cement to enforce the provisions of 29 U.S.C. § 1145. Accordingly, the Court is required to award damages for the following :

    (A) the unpaid contributions,

    (B) the interest on the unpaid contributions,

    (C) an amount equal to the greater of -
        (i) interest on the unpaid contributions, or
        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such high percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A)

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant ....

29 U.S.C. § 1132(g)(2).

Pursuant to subparagraph (A), the Plaintiffs are entitled to the full amount of the unpaid contributions, equaling $44,681.09.

Pursuant to subparagraph (B), the Plaintiffs have determined that the interest on the unpaid contributions equals $7,670.98. An affidavit submitted by the Plaintiffs (ECF No. 16) indicates that this figure was determined by using a computer program which calculates interest based on the interest rate as established by 26 U.S.C. § 6621. *See* 29 U.S.C. § 1132(g). An attached spreadsheet details the amount of interest owed on the unpaid contributions for each month of the audit period. Inasmuch as Salinas Cement has not objected to this method and the Court cannot detect any error in the calculation, the Plaintiffs are entitled to receive $7,670.98 in unpaid interest.

Pursuant to subparagraph (C), the Plaintiffs submitted an affidavit from the auditor (ECF No. 15), in which the amount of damages provided for by the Agreements was calculated as $4,547.08. As the amount of unpaid interest ($7,670.98) is greater than the amount of damages provided for by the Agreement ($4,547.08), the Plaintiffs are entitled to additional damages in the amount of $7,670.98. *See* 29 U.S.C. § 1132(g)(2)(c).

Pursuant to subparagraph (D), the Plaintiffs are entitled to an award of reasonable attorney fees and costs. "Under § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)), the award of reasonable attorney fees is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multi-employer plan." *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 936 (6th Cir. 1996); *see also Michigan Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388 (6th Cir. 1991), *cert. denied*, 502 U.S. 982 (1991).

Reasonable attorney rates are commonly determined by the "lodestar" method that was advanced by the Supreme Court in *City of Burlington v. Dague*, 505 U.S. 557, 559-60 (1992). *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) ("[T]he award of attorneys' fees must be reasonable as determined under the 'lodestar' approach."). This "lodestar" method was defined by the Supreme Court as "the product of reasonable hours times a reasonable rate." *Id.* (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). In assessing an hourly rate, the Supreme Court expressed its approval of a review process whereby the district courts compared the requested fees with those that are "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*

8

*v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Notwithstanding this guidance, district courts continue to have the discretion to determine "a reasonable rate of compensation," *Glass v. Sec'y of Health & Human Serv.*, 822 F.2d 19, 21 (6th Cir. 1987), including an amount that "constitutes a reasonable hourly rate for an attorney," *Fuhr v. Sch. Dist. of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004) (citations omitted).

The Plaintiffs submitted an affidavit which itemized the hourly work that was performed by their counsel in this case. The total amount of requested fees and costs equals $6,496. However, the Plaintiffs failed to attach any information to the affidavit that would permit the Court to determine whether the proposed hourly rates of $140 and $190 are reasonable under these circumstances. The Court will therefore reserve judgment on the amount of attorney fees to be awarded, and directs the Plaintiffs to submit evidentiary support for the reasonableness of these hourly rates within a period of twenty (20) days from the date of this order. *See Blum*, 465 U.S. at 896 n.11 (1984) ("[T]he burden is on the fee applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.").

In addition to damages, the Plaintiffs have also requested the Court to order Salinas Cement to submit to an updated audit, which will include the period of December 2010 to the date on which the appropriate books and records are made available. According to the Plaintiffs, the terms of the Agreements include the Plaintiffs' Collection Policies, which require employers to submit to an audit upon request. Having examined a copy of the Collection Policy and after concluding that it requires employers to submit to an audit, the Court will grant this request.

Accordingly, Salinas Cement is directed to submit all of the necessary books, records, and accounts, as required by the Agreements, to the Plaintiffs' auditors during normal business hours not later than twenty (20) days from the date of this order, unless otherwise agreed upon by the parties.

IV.

For the reasons that have been set forth above, the Court grants the Plaintiffs' motion for summary judgment (ECF No. 17). The Plaintiffs are also directed to submit any additional evidence that will support the reasonableness of their proposed hourly rates within twenty (20) days from the date of this order.

IT IS SO ORDERED.

Date: March 20, 2013                                s/Julian Abele Cook, Jr.
                                                    JULIAN ABELE COOK, JR.
                                                    U.S. District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 20, 2013.

                                                    s/ Kay Doaks
                                                    Case Manager